UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
FELIPE CHINO PEREZ and PEDRO EMPLOS, :
*on behalf of themselves and all other persons* :
*similarly situated*, :
: 
: REPORT &
Plaintiffs, : RECOMMENDATION
:
-against- : 23-CV-8707 (OEM)(MMH)
:
:
EXQUISITO RESTAURANT INC. d/b/a :
Exquisito Restaurant, and ARGENEDIS NUNEZ, :
:
Defendants. :
---------------------------------------------------------------- x

**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiffs Felipe Chino Perez and Pedro Emplos bring this wage and hour "collective" action against Defendants Exquisito Restaurant Inc. ("Exquisito") and Argenedis Nunez, alleging violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law (the "NYLL"), N.Y. Lab. Law §§ 190 and 650 *et seq.* (*See generally* Compl., ECF No. 1.)[1] Before the Court is Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b). (*See generally* Mot., ECF No. 12.) The Honorable Orelia E. Merchant referred the motion for report and recommendation. For the reasons set forth below, the Court respectfully recommends that the motion should be **denied without prejudice,** and that Plaintiffs should be granted thirty days to cure the deficiencies noted herein.

---

[1] All citations to documents filed on ECF are to the ECF document number and pagination in the ECF header unless otherwise noted. Citations to the Local Civil Rules are to the rules effective October 15, 2021, the operative rules when the motion was filed.

I.     BACKGROUND

   A.     **Factual Allegations**

The following facts are taken from the Complaint and the declarations in the motion papers and are assumed to be true for the purposes of this motion. *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

As alleged, Exquisito is a New York corporation which owns and operates a restaurant by the same name at 21-12 36th Avenue, Long Island City, New York, 11106 (the "36th Avenue Address"). (Compl., ECF No. 1 ¶¶ 7–8.) Nunez "is the owner and principal of Exquisito, and has the power to hire and fire employees, set wages and schedules, and maintain their records." (*Id.* ¶ 13.) At all relevant times, Nunez was involved Exquisito's daily operations and actively managed the business. (*Id.* ¶ 14.) Perez and Emplos were employed at Exquisito.

From approximately December 15, 2018 until July 21, 2023, Perez was employed at Exquisito with job duties including making deliveries, restocking, maintenance, and cleaning. (*Id.* ¶¶ 24–25.) From the beginning of his employment until July 2020, Perez worked six days per week from 10:00 a.m. to midnight, with a thirty-minute break daily, and was paid $620 in cash each week. (*Id.* ¶¶ 28, 32.) Perez estimates that he worked approximately 81 hours per week during this period. (*Id.* ¶ 29.) From July 2020 until July 21, 2023, Perez's schedule changed, and he worked six days per week from 7:00 a.m. to 5:00 p.m., with a daily 30-minute break, and was paid $700 in cash each week. (*Id.* ¶¶ 30, 33.) As a result, he claims that he worked 57 hours per week during the latter part of his employment. (*Id.* ¶ 31.) Perez alleges

2

that at times he was paid below the statutory minimum wage with no overtime wages for work performed in excess of forty hours each week. (*Id.* ¶ 34).

Emplos was employed at Exquisito as a delivery driver from approximately June 2023 until October 5, 2023. (*Id.* ¶¶ 35–36.) During his employment, Emplos worked six days per week from 11:00 a.m. to 9:00 p.m. with a thirty-minute break daily and was paid $500 in cash per week. (*Id.* ¶ 39, 41.) Emplos alleges that he was paid below the minimum wage with no overtime wages for work in excess of forty hours each week. (*Id.* ¶ 41.)

Both Plaintiffs allege that Defendants failed to: (1) pay spread of hours compensation; (2) inform Plaintiffs that Defendants would make deductions against Plaintiffs' pay for tips received; (3) maintain a record of tips received by Plaintiffs; and (4) provide wage notices and wage statements required by the NYLL. (*See id.* ¶¶ 47–52.)

**B.  Procedural History**

Plaintiffs initiated this suit against Defendants on November 27, 2023, alleging failure to pay minimum wages under the NYLL; failure to pay overtime wages under the FLSA and NYLL; failure to provide spread of hours compensation under the NYLL; wrongful withholding of tips under the NYLL; and failure to provide wage statements and wage notices under the NYLL. (*See generally id.* ¶¶ 60–91.) On December 29, 2023, Plaintiffs purportedly served the summons and Complaint on Defendants at the 36th Avenue Address. (Affs. of Service, ECF No. 8.) After Defendants failed to appear or otherwise respond to the Complaint, the Clerk of Court entered default against them on February 21, 2024, per Plaintiffs' request. (Entry of Default, ECF No. 11.)

Plaintiffs filed the motion for default judgment on April 15, 2024, seeking unpaid wages, liquidated damages, statutory damages, pre-judgment interest, attorneys' fees, and

costs. (*See* Mem., ECF No. 13-4 at 9–15.) Judge Merchant referred the motion for report and recommendation. (Apr. 16, 2024 Order Referring Mot.) To date, Defendants have not appeared in this case or responded to Plaintiffs' motion.

## II.    DISCUSSION

### A.    Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure dictates a two-step process for a party to obtain a default judgment. Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021). *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default. Fed. R. Civ. P. 55(a). If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment. Fed. R. Civ. P. 55(b)(1). *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); *Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021). To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up). The Court must draw all reasonable inferences in favor of the movant. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). However, "'[a] default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the

4

defendant.'" *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (quoting *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013)).

As discussed below, Plaintiffs' motion contains procedural deficiencies that make default judgment inappropriate. *First*, Plaintiffs have failed to properly establish personal jurisdiction over Defendants based on the proof of service submitted with their motion. *Second*, Plaintiffs failed to comply with the Local Civil Rules of this district to serve the default judgment motion papers to Defendants at the correct addresses. *Third*, Plaintiffs have failed to comply with the statutory requirement under the Servicemembers Civil Relief Act to show that Nunez is not in military service. As a result, default judgment is not warranted. Instead, Plaintiffs should be granted leave to correct the deficiencies identified herein.

B. **Service of Process and Personal Jurisdiction**

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted). As set forth below, Plaintiffs fail to establish that service of process on either Defendant was procedurally proper. *Freedom Mortg. Corp. v. Monteleone*, 628 F. Supp. 3d 455, 461 (E.D.N.Y. 2022) ("On a motion for default judgment, a plaintiff bears the burden of proving service was proper.")

5

A corporation must be served, *inter alia*, "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or by a manner prescribed by Rule 4(e)(1). Fed. R. Civ. P. 4(h)(1)(B). In turn, Rule 4(e)(1) states that a party may effectuate service on another party by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In New York, in lieu of service on the Secretary of State, a corporation must be served by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Similarly, an individual may be served, *inter alia*, by delivering the summons "within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by mailing at their last known residence or actual place of business. *Id.* § 308(2).

As a threshold matter, Plaintiffs' service affidavits state that service was effectuated for both Defendants on "Jolene Doe" at the 36th Avenue Address, through personal service to both Defendants and mail to Nunez. (Affs. of Service, ECF No. 8.) The Court takes judicial notice that the Secretary of State's website lists Exquisito's "Principal Executive Office Address" as "21-12**A** 36th Avenue, Long Island City, NY, United States, 11106," not 21-12 36th Avenue as stated in the 36th Avenue Address. "Corporation and Business Entity Database," N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/#search ("Entity Display" for "Exquisito Restaurant Inc.") (emphasis added) (last visited Feb. 27, 2025). There is no other factual basis to establish that the 36th Avenue Address is Exquisito's

6

registered service address or Nunez's actual place of business and therefore that service was properly effectuated at that address. *See Gunthorpes v. IM. Grp., LLC*, No. 21-CV-5140 (ARR)(RML), 2023 WL 2607628, at *3 (E.D.N.Y. Mar. 23, 2023) ("However, if the summons and complaint are served at the wrong address, or at an address that is not the defendant's *actual* place of business, then service is defective.") (cleaned up); *see also Colledge v. Steelstone Grp., LLC*, No. 22-CV-2873 (EK)(JAM), 2024 WL 2149930, at *6–7 (E.D.N.Y. May 14, 2024), *adopted by* 2024 WL 2882678 (E.D.N.Y. June 7, 2024) (denying default judgment motion for failure to serve default judgment motion papers at correct address).

*Second*, while the affidavit for Exquisito states that "[d]eponent knew . . . said individual [*i.e.*, Doe] to be Manager" of Exquisito, the affidavit does not describe the basis of the process server's knowledge that Doe was a manager authorized to accept service on behalf of Exquisito, and "[t]his Court also cannot find on the face of the affidavit any other basis to conclude that service of process was proper" on Exquisito. *Yoon v. Toothsavers Dental Lab'y, Inc.*, No. 19-CIV-2283 (ERK)(VMS), 2020 WL 13580466, at *5 (E.D.N.Y. June 22, 2020), *adopted by* Order Adopting R. & R., *Yoon v. Toothsavers Dental Lab'y, Inc.*, No. 19-CIV-2283 (ERK)(VMS) (E.D.N.Y. July 27, 2020). Importantly, the New York Secretary of State's records do not list a "Registered Agent Name and Address" for Exquisito, further undermining reliance on Doe as the appropriate recipient of the summons. "Corporation and Business Entity Database," N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/#search ("Entity Display" for "Exquisito Restaurant Inc.") (last visited Feb. 27, 2025). "Accordingly, the Court concludes that [neither] affidavit of service is [] entitled to the presumption that [Defendants were] properly served, and the Court does not have personal jurisdiction over [them]." *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH), 2024 WL 4271234,

7

at *3 (E.D.N.Y. Sept. 19, 2024), *adopted by* Order Adopting R. & R., *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH) (Dec. 5, 2024).

*Third*, while the summons and the Complaint name "Argenedis Nunez" as a Defendant, the New York Secretary of State's public records list Exquisito's Chief Executive Officer as "Argenedy Nunez Flete." "Corporation and Business Entity Database," N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/#search ("Entity Display" for "Exquisito Restaurant Inc.") (last visited Feb. 27, 2025). While the names are similar, due process requires that the summons names and is served on the proper defendant to invoke this Court's jurisdiction. *Garden City Boxing Club, Inc. v. Borinquen 444 Ass'n, Inc.*, No. 05-CV-3691 (ARR) (RML), 2008 WL 842452, at *3 (E.D.N.Y. Mar. 28, 2008) (denying motion for default judgment where plaintiff "either used an incorrect name for the [defendant] or served its documents on the wrong entity).

Based on the foregoing, the Court respectfully recommends that the motion for default judgment should be **denied** as to both Defendants for lack of personal jurisdiction.

C. **Local Civil Rules**

Even assuming proper service of process, the Court also finds that Plaintiffs did not fully comply with the Local Civil Rules of this Court as to either Defendant. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 n.2 (2d Cir. 2006) (noting that a "district court has broad discretion to determine whether to overlook a party's failure to comply with local rules"). As noted above, Plaintiffs served the default motion papers on the 36th Avenue Address, which is not the registered service address for Exquisito. (*See* § II.B., *infra*.) Further, Plaintiffs do not establish that they mailed the motion papers to Nunez at his last known residence. *See* Local Civ. R. 55.2(c) (Oct. 15, 2021) ("Unless otherwise ordered by the Court, all papers

8

submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b) above shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual)."). Plaintiffs' proof of service merely shows that the papers were mailed to the 36th Avenue Address, which is Exquisito's purported business address, without any evidence that this address was also Nunez's last known residence. (*See* Mem., ECF No. 13-4 at 17.) "'While service of the Complaint at a business address is sufficient for [an individual defendant], when the plaintiff seeks default against [that individual], the motion for default judgment must be served at the person's last known residence.'" *Solis*, 2024 WL 4271234, at *5 (quoting *Allstate Ins. Co. v. Abramov*, No. 16-CV-1465 (AMD)(SJB), 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019), *adopted by*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (denying default judgment because the motion papers were mailed to individual defendants' business address)). Accordingly, the Court respectfully recommends that default judgment should be **denied** as to both Defendants for failure to comply with the Local Civil Rules.

        **D.**    **Servicemembers Civil Relief Act**

The Court also finds that default judgment should be denied as to Nunez because Plaintiffs failed to comply with the requirements of the Servicemembers Civil Relief Act ("SCRA"). "In a default judgment action, a plaintiff is required to file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit." *Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA)(RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022), *adopted by* 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023) (citing 50 U.S.C. § 3931(b)(1)). "The non-military affidavit must be based not only on

9

an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default [judgment] is to be entered." *Tenemaza v. Eagle Masonry Corp.*, No. 20-CIV-452 (AMD)(VMS), 2021 WL 8317120, at *5 (E.D.N.Y. July 22, 2021) (citing *Pruco Life Ins. Co. of New Jersey v. Est. of Locker*, No. 12 Civ. 882 (ENV) (RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)); *Morales v. Los Cafetales Rest. Corp.*, No. 21-CV-1868 (AMD)(RER), 2023 WL 375647, at *4 (E.D.N.Y. Jan. 3, 2023), *adopted by* 2023 WL 375642 (E.D.N.Y. Jan. 24, 2023). Failure to comply with these requirements is sufficient to deny default judgment. *Windward Bora, LLC v. Ortiz*, No. 21-CV-4154 (MKB)(JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), *adopted by* 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022).

Here, Plaintiffs do not offer information about their attempts to determine Nunez's military status. While Plaintiffs investigated whether Nunez was serving in the military after the commencement of the action, "Plaintiffs failed to file an affidavit stating whether the Individual Defendants were in military service at the time Plaintiffs moved for default judgment." *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18-CIV-5624 (ARR)(VMS), 2020 WL 6370148, at *9 (E.D.N.Y. Aug. 11, 2020), *adopted by* 2020 WL 5105063 (E.D.N.Y. Aug. 31, 2020). The record before the Court does not reflect any evidence that Plaintiffs attempted to conduct such investigation before seeking default judgment against Nunez. "'Plaintiff[s'] burden in this regard is not a heavy one, as the Department of Defense maintains a [SCRA] website for the purposes of, among other things, determining whether an individual is on active duty.'" *McLaughlin v. Onanafe Mgmt. Sols. LLC*, No. 22-CV-6792 (PKC)(MMH), 2024 WL 4184485, at *6 (E.D.N.Y. Sept. 14, 2024), *adopted by* 2024 WL 4355485 (E.D.N.Y. Sept. 30, 2024) (quoting *Pinela Jurado v. Sabor Hispano, Inc.*, No. 20-CIV-1104 (RPK)(VMS), 2021

10

WL 11690645, at *7 (E.D.N.Y. Aug. 5, 2021)); *see also Morales*, 2023 WL 375647, at *5 n.3 ("It is possible to obtain a report certifying active-duty military status through the Servicemembers Civil Relief Act website.").[2]  Because Plaintiffs fail to demonstrate compliance with the SCRA, the Court respectfully recommends that the motion for default judgment against Nunez should be **denied**.

### III.   CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiffs' motion for default judgment at ECF No. 12 should be **denied without prejudice**.  The Court further recommends that Plaintiffs should be granted thirty days from the adoption of this Report and Recommendation (if any) to cure the deficiencies noted herein.  Plaintiffs are reminded that if Defendants fail to respond to the re-served Complaint, any subsequent motion for default judgment must comply with this district's amended Local Civil Rules, effective as of January 2, 2025; shall include all memorandum of law, affidavits, and exhibits relevant to the renewed motion; and may not reference other documents on the docket to comply with the Local Civil Rules.

A copy of this Report and Recommendation is being served on Plaintiffs via ECF.  The Clerk of Court is respectfully directed to mail a copy of this Report and Recommendation and

---

[2] *See* "Welcome to the Official Servicemembers Civil Relief Act (SCRA) Website," https://scra.dmdc.osd.mil/scra/#/home (website for free requests) (last visited Feb. 27, 2025).

11

the summary docket sheet to Defendants at the following address forthwith: 21-12A 36th Avenue, Long Island City, New York 11106.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Any requests for an extension of time to file objections shall be directed to Judge Merchant. If a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
February 27, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge